McLaughlin, J. (dissenting):
The only precaution which the plaintiff took for his own safety was to call the attention of the boy in charge of the elevator to the fact, that he was.going to do certain work in or near the elevator shaft and to look out for him. He testified: “ I told him I was going to work'there,' and to look out'for me. That is right. I did not'give it another thought. That is figlit. As I was standing there I was knocked down to my knees.” It thus appears that he relied entirely upon the elevator boy and exercised no care whatever for his own safety. He certainly was under some obligation, being in a place of dá'nger,"toTook out for’himself. ’He could not throw the entire responsibility in this respect upon the elevator boy and then, in ca.se of injury, hold defendant liable.
Hor is it an answer to the suggestion that his negligence was for the jury, to say that, it having found in his favor, the verdict ought not to be disturbed. The verdict ouglit not to be permitted to stand unless the facts fairly tend to support' the finding that he himself was free from negligence. The facts here proved do not tend fairly to establish such finding, and the plaintiff’s own testimony negatives that'fact.
In addition to the'foregoing, I do not think the plaintiff ' established ' any negligence on ' the part of the defendants. They employed' the" elevator boy to manage the elevator. The plaintiff had no right, without their acquiescence or consent, to impose upon the elevator boy any other'duty, and when lie did so the defendants were not liable for the -negligent manner i'n which the elevator boy performed such other duty.
Upon both grounds, therefore, I think the judgment and order appealed from should be reversed and a new trial ordered, with costs to thé appellants to abide the event of the action.
Judgment and order affirmed, with costs.